JAMES A. MAGUIRE, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY AND THE COUNTY OF CAMDEN, RESPONDENTS.

Argued January 18, 1939—Decided March 2, 1939.

Before Justices Case, Donges and Porter.

For the prosecutor, *Meyer L. Sakin.*

For the respondent Civil Service Commission of the State of New Jersey, *David T. Wilentz.*

For the respondent county of Camden, *Walter S. Keown* (*William A. Early King,* of counsel).

The opinion of the court was delivered by

Porter, J. The prosecutor was a guard in the Camden county jail under appointment of the sheriff. His position was classified under the Civil Service act which was effective in that county. He was suspended by the sheriff for being intoxicated while in a public place and after hearing dismissed. He appealed this action of the sheriff to the Civil Service Commission which undertook by its decision to sustain the charge, but to minimize the penalty, saying: "On the basis of the testimony offered, it is clear that the appellant should be disciplined, but it is the conclusion of the commission that the extreme penalty of dismissal does not fit the case," and proceeded to order that he be returned to duty after a suspension, without pay, of six months.

This court denied a writ of *mandamus,* but permitted a molding of the pleadings as though the determination had been on demurrer to a return of an alternative writ, from which an appeal was taken to the Court of Errors and Appeals.

The opinion of that court, 121 *N. J. L.* 150, was delivered by the chief justice and was to the effect that the Civil Service Commission had no power or authority under the statute

to do more than either affirm or reverse the finding of a department head and may not modify it, citing *Newark* v. *Civil Service Commission,* 115 *Id.* 26.

It was further held that the judgment of the Civil Service Commission not being within its power was nugatory and wholly inoperative and void.

Thus the action of this court in denying a writ of *mandamus* was sustained.

The prosecutor now seeks a writ of *certiorari* for the purpose of reviewing the said action of the Civil Service Commission.

We conclude that a writ should not issue because, as pointed out above, the Court of Errors and Appeals has found that the order sought to be reviewed was void and so has no validity or, in fact, existence, hence there is nothing for this court to review.

The rule to show cause is discharged, with costs.