**[J-14A-2024, J-14B-2024, J-14C-2024] [OAJC: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| JAMES AND KAREN PEARLSTEIN, | : | No. 21 MAP 2023 |
| | : | |
| Appellants | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 741 FR |
| | : | 2017 dated February 10, 2023 |
| v. | : | overruling the exceptions and |
| | : | Affirming the August 23, 2017 Order |
| | : | of the Board of Finance of Revenue |
| COMMONWEALTH OF PENNSYLVANIA, | : | at Nos. 1624357, 1624358 |
| | : | |
| Appellee | : | ARGUED:  March 6, 2024 |
| | | |
| REED AND GAIL SLOGOFF, | : | No. 22 MAP 2023 |
| | : | |
| Appellants | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 742 FR |
| | : | 2017 dated February 10, 2023 |
| v. | : | overruling the exceptions and |
| | : | Affirming the August 23, 2017 Order |
| | : | of the Board of Finance of Revenue |
| COMMONWEALTH OF PENNSYLVANIA, | : | at Nos. 1624354, 1624355 |
| | : | |
| Appellee | : | ARGUED:  March 6, 2024 |
| | | |
| ROBERT PEARLSTEIN AND CYNTHIA PEARLSTEIN, | : | No. 23 MAP 2023 |
| | : | |
| Appellants | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 743 FR |
| | : | 2017 dated February 10, 2023 |
| v. | : | overruling the exceptions and |
| | : | Affirming the August 23, 2017 Order |
| | : | of the Board of Finance of Revenue |
| COMMONWEALTH OF PENNSYLVANIA, | : | at Nos. 1624359, 1624360 |
| | : | |
| Appellee | : | ARGUED:  March 6, 2024 |

**CONCURRING OPINION**

**JUSTICE DOUGHERTY**                    **DECIDED:  September 26, 2024**

I join much of the opinion announcing the judgment of the court (OAJC), and agree with the decision to affirm. I write to respectfully disagree with the OAJC's apparent dismissal of Bulletin 2006-07 as mere nonbinding revenue information. Of course I recognize the Department of Revenue's own regulation expressly states this information "is issued for informational purposes and should not be relied upon or used in tax appeals[,]" 61 Pa. Code §3.4. But I question whether such an approach is equitable when observed in practice. We must ask ourselves whether the Department should be permitted to disclaim completely the guidance it sets forth in many of its "written informational materials," including "press releases, unpublished notices, instruction forms, pamphlets and the like" such as "the Pennsylvania Tax Update . . . tax bulletins . . . [and] [i]nstructions on tax forms and instructional booklets accompanying forms[.]" *Id.*

Answering in the affirmative, as the regulation currently requires, relieves the Department of its duty to clearly and accurately inform taxpayers of their obligations. *See Wirth v. Commonwealth,* 95 A.3d 822, 861-62 (Pa. 2014) (Saylor, J., dissenting) ("[T]axpayers should be afforded sufficiently clear, advance guidance regarding the reach of Pennsylvania's taxing regime so that they may order their personal and business affairs appropriately."). I'd guess most taxpayers would be surprised to learn they cannot – and indeed, sometimes should not – rely upon the directions offered in many of the Department's written materials. For example, the instruction booklets accompanying personal income tax forms, which taxpayers are directed to consult to complete the mandatory forms properly, are not binding under the Department's sweeping disclaimer. *See* 61 Pa. Code §3.4 (identifying "[i]nstructions on tax forms and instructional booklets accompanying forms" as nonbinding revenue information); *and PA-40 Pennsylvania Income Tax Return,* PA DEP'T OF REVENUE, https://www.revenue.pa.gov/Formsand Publications/FormsforIndividuals/PIT/Documents/2023/2023_pa-40.pdf (last visited

Sept. 23, 2024) (instructing taxpayers to "[s]ee the instructions"). At no point in the forty-eight-page booklet does the Department warn taxpayers that it "should not be relied upon" if appeal becomes necessary. *See*, *e.g., PA-40 2023 Instructions Booklet,* PA DEP'T OF REVENUE, https://www.revenue.pa.gov/FormsandPublications/FormsforIndividuals/PIT/ Documents/2023/2023_pa-40in.pdf (last visited Sept. 23, 2024).

Similarly, Department bulletins, like Bulletin 2006-07, fail to offer any such notice. *See*, *e.g.,* Joint Stipulations of Facts, 7/6/2020, Exhibit H (Bulletin 2006-07) at 3. How do such nonbinding instructions effectuate the bulletins' proclaimed purpose to aid taxpayers by "call[ing] attention to Department procedures or to well established interpretations or principles of tax law"? 61 Pa. Code §3.4. As Justice McCaffery puts it, the Department should not be allowed to "disavow the plain language of its bulletin." *See* Dissenting Opinion at 5.

The present case illustrates the problem perfectly. The General Assembly vested the Department with discretion to determine whether a calculation method clearly reflects income. *See* 72 P.S. §7303(a.1) ("**If the department determines** that . . . the method used does not clearly reflect income, the computation of income shall be made under a method which, **in the opinion of the department**, clearly reflects income.") (emphasis added). Although the Department laid out criteria establishing a rebuttable presumption that the calculation method clearly reflects income, it did not specifically identify which method would, in its opinion, clearly reflect income when reporting a like-kind exchange. *See* 61 Pa. Code §101.2 ("No one method of accounting is prescribed for taxpayers. . . . A method of accounting which reflects the consistent application of generally accepted accounting principles in a particular trade or business in accordance with prevailing conditions or practices in that trade of business shall be presumed to clearly reflect income, if the method is used for Federal income tax purposes."). Taxpayers thus relied

[J-14A-2024, J-14B-2024, J-14C-2024] [OAJC: Donohue, J.] - 3

on Bulletin 2006-07's assurance that "the Department has determined [ ] gain or loss on like-kind exchanges does not have to be recognized at the time of the exchange if a taxpayer's method of accounting permits the deferral of gain from a like-kind exchange" to infer the FIT method, which permits the deferral of gain from a like-kind exchange, properly reflects income in the Department's opinion. *See* Bulletin 2006-07, at 3.[1]  To say now, nearly two decades later, that the Department was not bound by advice it offered when taxpayers filed their tax returns offends the fundamental principle that the Commonwealth's tax regime should provide clear guidance to ensure taxpayers can understand and rely on the law.[2]  *Cf. Commonwealth v. Allied Bldg. Credits, Inc.*, 123

---

[1] Notably, the tax instructions offered at the time provided conflicting advice. *See* Joint Stipulations of Facts, 7/6/2020, Exhibit F (PA Schedule C Instructions) at 1 ("PA law does not have like-kind exchange provisions.  You must include the gain or loss from a sale, exchange or disposition of a business asset on Line 4 of PA Schedule C if the transaction was a normal business transaction.").  Perhaps this is not surprising given the nonbinding nature of revenue information; if the Department is not held to the positions it publishes, what enforcement mechanism exists to ensure consistency?  But the onus should not be on taxpayers to speculate about what will satisfy the Department's standards.

[2] Although the Department concedes Bulletin 2006-07 "recognizes the theoretical possibility that a taxpayer's method of accounting may allow deferral of reporting of gains on like-kind exchanges," it insists the exception "was limited to situations in which the GAAP method of accounting is used" and is "exceedingly rare."  OAJC at 36, *citing* Department's Brief at 31.  According to the OAJC, Bulletin 2006-07 did not establish "any exception for deferral of a like-kind exchange [as it] would be contrary to its construction of the statutory and regulatory scheme."  *Id.*  But the exception authorized in Bulletin 2006-07 was not limited to taxpayers who used a GAAP method of accounting – this pathway was merely one example provided.  *See* Bulletin 2006-07 ("**For example,** [Accounting Principles Board] Opinion 29 provides for non-recognition of gain or loss on certain like-kind exchanges for taxpayers who consistently use GAAP principles of accounting.").

Moreover, although the Tax Reform Code includes net gains derived from the exchange of real property in its "classes of income," 72 P.S. §7303(3), it is silent on **when** this income must be included in a taxpayer's personal income tax.  The Department's regulations are similarly ambiguous.  *Compare* 61 Pa. Code §103.13(a) ("A gain on the disposition of property is recognized in the taxable year in which the amount [is] realized[.]") *with id.* at §101.7(a) ("An amount, the privilege of receiving which is taxable, shall be considered as received in the year in which it is actually or constructively received (continued…)

[J-14A-2024, J-14B-2024, J-14C-2024] [OAJC: Donohue, J.] - 4

A.2d 686, 690 (Pa. 1956) ("The words imposing the tax should be clear and unambiguous" such that "[a]ny doubt or uncertainty as to the imposition of the tax must be resolved in favor of the taxpayer.") (internal citations omitted).

I believe the average taxpayer making a good faith effort to engage effectively and correctly with our tax laws should be entitled to rely on the Department's interpretations contained in its own publications. If such reliance is not acceptable, then I respectfully suggest the Department and the General Assembly should reassess their approach to revenue information.

---

**unless includable for a different year in accordance with the method of accounting of the taxpayer.**") (emphasis added). Under these circumstances, I would find such an exception violates neither the statutory nor regulatory scheme.